IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.                       ) | Crim. Action. No. 20-35-RGA |
| ) | |
| BRUCE M. JARVELA, III,   ) | |
| ) | |
| Defendant.          ) | |

**MEMORANDUM OF PLEA AGREEMENT**

Pursuant to discussions between the United States of America, by and through its attorneys, David C. Weiss, United States Attorney for the District of Delaware, and Graham L. Robinson, Assistant United States Attorney, and the defendant, Bruce M. Jarvela, III, by and through his attorneys, Eleni Kousoulis, Esquire, and David L. Pugh, Esquire, the following agreement is hereby entered into by the respective parties:

1.  The defendant shall waive indictment and plead guilty in the United States District Court for the District of Delaware to Count One of the Superseding Information, charging him with Enticement of a Minor to Produce Child Pornography, in violation of Title 18, United States Code, Sections 2422(b), 2427, and 2256(8).

2.  The defendant understands that the maximum penalties for Count One of the Superseding Information are: a mandatory minimum penalty of ten (10) years up to a lifetime of imprisonment, a $250,000 fine, or both; a mandatory minimum term of five (5) years up to a lifetime of supervised release; restitution; and a special assessment of $100.

3. The defendant understands that if there were a trial regarding Count One of the Superseding Information, the United States would have to prove the following elements beyond a reasonable doubt:

(1) the defendant knowingly persuaded, induced, enticed, and/or coerced an individual under the age of eighteen (18) to engage in any sexual activity;

(2) for this conduct, the defendant could be charged with the criminal offense of production of child pornography under Title 18, United States Code, Section 2251(a) (pursuant to Title 18, United States Code, Section 2427);

(3) the defendant used the Internet to engage in this conduct; and

(4) the defendant believed that such individual was less than eighteen (18) years of age at the time.

The defendant knowingly, voluntarily, and intelligently admits his guilt to each of the above-described elements of Count One of the Superseding Information.

4. The defendant is pleading guilty to Count One of the Superseding Information because he is, in fact, guilty.

5. At or around the time of sentencing, the United States will move to dismiss the Indictment in this case.

6. The defendant admits to the facts set forth in the Statement of Facts with this Plea Agreement (incorporated herein and attached hereto as Attachment B) and agrees that those facts establish his guilt of the offense charged in Count One of the Superseding Information beyond a reasonable doubt. The Statement of Facts constitutes a stipulation of facts for purposes of Section 1B1.2(c) of the United States Sentencing Guidelines.

7. The defendant agrees that neither he nor his attorneys will recommend less than 180 months of imprisonment for the defendant's plea of guilty to Count One of the Superseding Information pursuant to this Memorandum.

8. The United States agrees that it will not recommend more than 240 months of imprisonment for the defendant's plea of guilty to Count One of the Superseding Information pursuant to this Memorandum.

9. Provided that the United States does not subsequently learn of conduct by the defendant inconsistent with the acceptance of responsibility, the United States agrees that in consideration of the defendant's timely guilty plea, it will not oppose a two-level reduction in the Offense-Level pursuant to U.S.S.G. § 3E1.1(a). Further, should it be determined that the defendant's Offense Level is 16 or greater prior to the application of the aforementioned two-level reduction, the United States agrees that the defendant's Offense Level should be reduced by one additional level, pursuant to U.S.S.G. § 3E1.1(b), for a total reduction of three levels.

10. It is understood and agreed that: (1) the parties are free to argue (except as stated above) the applicability of any other provision of the Sentencing Guidelines, including offense conduct, offense characteristics, criminal history, adjustments, and departures; (2) these stipulations are not binding upon either the Probation Office or the Court; and (3) the Court may make factual and legal determinations that differ from these stipulations and that may result in an increase or decrease in the Sentencing Guidelines range and the sentence that may be imposed.

11. The United States retains the right to make whatever recommendations at the time of sentencing that it believes are appropriate, consistent with the limitations outlined in paragraph 8 of this Memorandum, and to defend the rulings of the District Court at any subsequent proceeding.

12. The defendant understands that the District Court must consider the United States Sentencing Guidelines, the applicable statutory minimum and maximum penalties, and the factors set forth in 18 U.S.C. § 3553(a) in determining an appropriate sentence. The defendant understands that the ultimate determination of an appropriate sentence will be up to the sentencing judge. The Court may impose a sentence that exceeds, falls below, or is contained within the sentencing range prescribed by the Sentencing Guidelines. The defendant expressly acknowledges that if the Court imposes a sentence outside the range set forth in the Sentencing Guidelines, is otherwise different than the defendant expected, or is contrary to the recommendation of his attorney or the United States, (as further

described in paragraphs 7 and 8), the defendant will not be allowed to withdraw his guilty plea on that basis.

13. The defendant agrees to forfeit pursuant to 18 U.S.C. §2253, 18 U.S.C. Section 981(a)(1)(C), and 28 U.S.C. Section 2461 any and all interests in any property, real or personal, which constitutes or is derived from proceeds traceable to the offense, or that was used or intended to be used to commit or promote the commission of the offense, including but not limited to the following items seized on or about April 16, 2019:

- An iPhone bearing Serial Number "DNQX8EXPKPFT", Physical SIM IMEI "356167090050870", and Digital SIM IMEI "356167090446912"; and
- A SIM card bearing serialized number "89014103271530789492" and "4488AG3026".

The defendant agrees to waive any and all interests in any such Property in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. The defendant agrees to consent to the entry of orders of forfeiture for such Property and waives the requirements of Federal Rule of Criminal Procedure 32.2 and 43(a) regarding notice of forfeiture in the charging instrument, announcement of the forfeiture in the defendant's presence at sentencing, and incorporation of the forfeiture in the judgment, as well as any applicable deadlines required by 18 U.S.C. § 983(a). The defendant acknowledges that he understands that forfeiture of the Property, if the United States elects to conduct the forfeiture criminally, will be part

5

of the sentence imposed upon the defendant in this case, and the defendant waives any failure by the Court to advise the defendant of this, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J), at the time the guilty plea is accepted. Pursuant to Rule 32.2(b)(3), the defendant will promptly consent to the preliminary order of forfeiture becoming final as to the defendant before sentencing if requested by the United States to do so.

14.  The defendant knows that he has, and voluntarily and expressly waives, the right to file any appeal, any collateral attack, or any other writ or motion after sentencing—including, but not limited to, an appeal under 18 U.S.C. § 3742 or 28 U.S.C. § 1291, or a motion under 28 U.S.C. § 2255. Notwithstanding the foregoing, the defendant reserves the right to do the following: (1) file an appeal or other collateral motion on the grounds that he received ineffective assistance of counsel, and (2) appeal his sentence if: (a) the government appeals from the sentence; (b) the defendant's sentence exceeds the statutory maximum for the offense set forth in the United States Code; or (c) the District Court imposes an "upward variance" above the final Sentencing Guideline range that it determines at sentencing.

15.  The defendant agrees to pay the $100 special assessment the day of sentencing. Should he fail to do so, or should he have other outstanding financial responsibilities as a result of his plea of guilty to Count One of Superseding Information, the defendant agrees to voluntarily enter the United States Bureau of Prisons' Inmate Financial Responsibility Program, through which the Bureau of

Prisons will collect a portion of defendant's prison salary and apply it on defendant's behalf to the payment of the outstanding debt ordered.

16.  This Memorandum expressly incorporates Attachment A, which is attached hereto and filed under seal. The United States routinely files such an attachment, even though it may or may not contain additional terms. To the extent, however, that Attachment A contains additional terms, the parties acknowledge and agree to be bound by those terms.

17.  The defendant understands that, by pleading guilty, he will be required to register as a sex offender upon his release from prison as a condition of supervised release, pursuant to Title 18, United States Code, Section 3583(d). The defendant also understands that, independent of supervised release, he will be subject to federal and state sex offender registration requirements and that those requirements may apply throughout his life. The defendant understands that he shall keep his registration current and shall notify the state sex offender registration agency or agencies of any changes to defendant's name, place of residence, employment, or student status, or other relevant information. The defendant shall comply with requirements to periodically verify in person his sex offender registration information. The defendant understands that he will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements. If he resides in Delaware following release from prison, the defendant will be subject to the registration requirements of the State of Delaware. The

defendant further understands that, under Title 18, United States Code, Section 4042(c), notice will be provided to certain law enforcement agencies upon his release from confinement following conviction.

18. As a condition of supervised release, the defendant shall initially register with the state sex offender registration agency in Delaware, and shall also register with the state sex offender registration agency in any state where the defendant resides, is employed, works, or is a student, as directed by the Probation Officer. The defendant shall comply with all requirements of federal and state sex offender registration laws, including the requirement to update his registration information. The defendant shall provide proof of registration to the Probation Officer within 72 hours of release from imprisonment.

19. Pursuant to Title 18, United States Code, Section 2259, the defendant agrees to the entry of a Restitution Order for the full amount of the losses to **K.F., H.C., and J.F.**, attributable to the defendant's activities. The defendant acknowledges that, pursuant to Title 18, United States Code, Section § 2259(a), the Court is required to order restitution for the full amount of a victim's compensable losses as defined at Title 18, United States Code, Sections 2259(b)(3) and (c) as may be proved by the United States or stipulated to by the parties. The defendant understands that an unanticipated amount of a restitution order will not serve as grounds to withdraw his guilty plea. The defendant further agrees that the defendant will not seek the discharge of any restitution obligation, in whole or in part,

in any present or future bankruptcy proceeding. The defendant agrees to make full restitution for the losses to **K.F., H.C., and J.F.** caused by defendant's activities.

20.   It is further agreed by the undersigned parties that this Memorandum—together with sealed Attachment A and Attachment B—supersedes all prior promises, representations, and statements of the parties; that this Memorandum may be modified only in writing signed by all the parties; and that any and all promises, representations, and statements made prior to or after this Memorandum

/////

are null and void and have no effect whatsoever, unless they comport with the subsequent written modification provisions of this paragraph.

          DAVID C. WEISS
          UNITED STATES ATTORNEY

/s/ Eleni Kousoulis
Eleni Kousoulis, Esquire
David L. Pugh, Esquire
Attorney for Defendant

By: /s/ Graham L. Robinson
Graham L. Robinson
Assistant United States Attorney

/s/ Bruce M. Jarvela, III
Bruce M. Jarvela, III
Defendant

Dated: 10/18/21

**AND NOW**, this 18th day of October, 2021, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by this Court.

/s/ Richard G. Andrews
THE HONORABLE RICHARD G. ANDREWS
UNITED STATES DISTRICT JUDGE
DISTRICT OF DELAWARE

10